**UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
WESTERN DIVISION**

_____
                                           )
In re:                                 )
                                         )     Chapter 7
    JACQUELINE M. SULLIVAN,   )     Case No. 15-30544-HJB
                                         )
                      Debtor     )
_____)

**MEMORANDUM OF DECISION**

     Before the Court is an "Objection to Exemptions", filed by the Chapter 7 trustee, Gary M. Weiner (the "Trustee"). The Trustee challenges the homestead exemption claimed by the debtor, Jacqueline M. Sullivan ("the Debtor"), in a condominium unit located at 80 Regency Park Drive, Agawam, Massachusetts (the "Agawam Condo"). The Trustee asserts that the Debtor holds an interest in the property as a beneficiary of a constructive or resulting trust and, as such, is not entitled to the protections of the Massachusetts Homestead Statute. The Debtor denies that she holds an interest in the Agawam Condo, but takes the alternative position that, even if she held such an interest, it would be exempt.

I.     FACTS

     The material facts necessary to decide this matter are not in dispute. Prior to the commencement of this bankruptcy case, and following her divorce in 2010, the Debtor wished to purchase the Agawam Condo, but was unable to obtain the necessary financing. The Debtor sought the financial assistance of her sister, Michelle Markowski

1

("Ms. Markowski"). Using her own home equity line of credit (the "Mortgage"), Ms. Markowski purchased the Agawam Condo in her own name for the sum of $68,000. The sisters orally agreed that: (i) the Debtor would pay $650.00 per month to Ms. Markowski (the "Monthly Payments"), plus electricity and insurance, which sum would be used to cover the real estate taxes, condominium fees and monthly mortgage payments; and (ii) once the Mortgage was fully repaid, Ms. Markowski would convey title to the Agawam Condo to the Debtor.

After the purchase, the Debtor moved into the Agawam Condo, and continues to live there. To implement their arrangement, Ms. Markowski established a bank account for the Agawam Condo expenses (the "Dedicated Account"). Originally, Ms. Markowski would deposit the Monthly Payments from the Debtor into the Dedicated Account and then pay taxes, fees and mortgage payments from the Dedicated Account. In 2013, the Debtor was added to the Dedicated Account as a joint signatory to accommodate Ms. Markowski's frequent travel and permit the Debtor to write checks from the Dedicated Account. No party has asserted that Ms. Markowski ever deposited her own funds into the Dedicated Account or paid any expense associated with the Agawam Condo other than from the Dedicated Account.

On June 12, 2015 (the "Petition Date"), the Debtor filed a bankruptcy petition under Chapter 7 of the Bankruptcy Code, together with her schedules of assets and liabilities. On Schedule B, the Debtor described her interest in the Agawam Condo as an "[u]nenforceable oral rent to own contract for condo at 80 Regency Park Drive, Agawam, MA; unenforceable per statute of frauds MGL c. 259 sec. 1 (zero value)." The original Schedule C likewise described the interest as an "[u]nenforceable oral rent to own

2

contract for condo at 80 Regency Park Drive, Agawam, MA; unenforceable per statute of frauds MGL c. 259 sec. 1 (zero value)", but nonetheless asserted a federal exemption of $11,475 in the Agawam Condo pursuant to 11 U.S.C. § 522(d)(1).  On August 21, 2015, the Debtor filed an Amended Schedule C, now claiming the "automatic" homestead exemption of $125,000 under Massachusetts General Laws, ch. 188, § 4 (the "Massachusetts Homestead Statute").  The Trustee's Objection to Exemptions ensued. Following a non-evidentiary hearing, the parties filed supplemental briefs and a joint statement of stipulated facts. The Court then took the matter under advisement.

II.    POSITIONS OF THE PARTIES

The Trustee maintains that, although the Debtor does not hold a legal interest in the Agawam Condo, she has an equitable interest in the property.  He asks this Court to find and rule that (i) the agreement between the Debtor and Ms. Markowski gave rise to either a constructive or resulting trust, and (ii) the Debtor cannot claim an exemption in the Agawam Condo under the Massachusetts Homestead Statute because beneficiaries of constructive or resulting trusts are not included in the definition of an "owner" entitled to claim such an exemption under the statute.  Accordingly, the Trustee contends, the Debtor's ownership interest in the Agawam Condo is property of the bankruptcy estate which the Trustee may administer.

The Debtor denies that she holds any interest in the Agawam Condo.  And, were this Court to find otherwise, she argues that any interest she holds in the property has

been properly exempted under the Massachusetts Homestead Statute.[1]

III.    DISCUSSION

**A. The Debtor's Interest in the Agawam Condo**

A bankruptcy estate is created upon the commencement of a bankruptcy case. 11 U.S.C. § 541(a). Estate property includes "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1).

It is undisputed that record title to the Agawam Condo was, and is, held in the name of Ms. Markowski. Nor is there any contention that the Agawam Condo is held in an *express trust* of which the Debtor is a beneficiary. Instead, the Trustee urges the Court to conclude that the Debtor holds an equitable interest by way of a *constructive or resulting trust*. The Court must first review the requisite features of constructive and resulting trusts under Massachusetts law before applying the facts here presented. Butner v. U.S., 440 U.S. 48, 55 (1979) (holding that "[p]roperty interests are created and defined by state law").

*i.    Constructive Trust*

A constructive trust is not a conventional formal trust with a named trustee and named beneficiary. Restatement (Third) of Trusts § 2 (2003). It is a court-fashioned device intended to prevent unjust enrichment. Zimmerman v. Epstein Becker and Green, P.C., 657 F.3d 80, 83 (1st Cir. 2011). Under Massachusetts law, a constructive trust may be imposed for the benefit of another where the holder acquired the property through

---

[1] The parties agree that the "automatic" homestead amount of $125,000 exceeds the value of the Agawam Condo. No information has been submitted regarding the precise current value of the Agawam Condo or the amount of the outstanding Mortgage obligation.

4

fraud, mistake, breach of duty, or other circumstances indicating that the holder would be unjustly enriched. Fortin v. Roman Catholic Bishop of Worcester, 416 Mass. 781, 789 (1994) (citing to Nessralla v. Peck, 403 Mass. 757, 762 (1989)); see also, North Beacon Street 155 Assocs., LLC v. Mesirow Fin. Interim Mgmt. LLC, 2015 WL 5722733, *6 (D. Mass. Sept. 29, 2015). Such circumstances are not present here. Ms. Markowski holds title to the Agawam Condo as a result of her voluntary agreement with the Debtor. The Debtor continues to make payments towards the Mortgage, and, under her agreement with Ms. Markowski (even if enforceable), the time has not yet come for a transfer of title to the Debtor. Absent Ms. Markowski's participation, the Agawam Condo could not have been purchased. No party has argued that Ms. Markowski has been unjustly enriched at the expense of the Debtor, nor could they. Accordingly, the Court cannot impose a constructive trust in favor of the Debtor or the Trustee.

*ii. Resulting Trust*

A resulting trust is also a court-fashioned device, employed to give effect to the parties' intentions. See Lassman v. McQuillan (In re Charles River Press Lithography, Inc.), 338 B.R. 148, 160-61 (Bankr. D. Mass. 2006) (citing to Fleet Nat'l Bank v. Valente, 360 F.3d (1st Cir. 2004)); see also, Fortin, 416 Mass. at 789. Under Massachusetts law, "when a person pays the purchase price of property and takes title in the name of another, the beneficial interest in the property inures to the person who paid the purchase price by way of resulting trust." Collins v. Duda (In re Duda), 422 B.R. 339, 346 (Bankr. D. Mass. 2010) (quoting Collins v. Curtain, 325 Mass. 123 (1949)); see also, In re Wojtkun, 534 B.R. 435, 449-50 (Bankr. D. Mass. 2015); In re Frankel, 508 B.R. 527, 531 (Bankr. D. Mass. 2014). The title holder holds the property in trust for the person who pays the

5

consideration "based upon the natural presumption that, in the absence of anything to show the contrary, he who supplies the purchase price intends that the property bought shall inure to his own benefit and not that of another, and that the conveyance is taken in the name of another for some incidental reason." Citizens Bank of Massachusetts v. Coleman, 83 Mass. App. Ct. 609, 613 (2013) (citing to Quinn v. Quinn, 260 Mass. 494, 501 (1927)). A necessary element is that the parties intended to create a trust relationship. Id.; see also, e.g., Charles River Press Lithography, Inc., 338 B.R. at 160-61. In determining whether the requisite intent exists, it is necessary to review the circumstances as a whole. Clements v. Nickless, 434 B.R. 202 (D. Mass. 2010). Subsequent conduct, including the exercise of "indicia of ownership," is relevant to the inquiry. In re Wojkun, 534 B.R. at 449-50.

The parties have stipulated that the intent of the agreement between the Debtor and Ms. Markowski was to enable the Debtor to purchase the Agawam Condo as her residence. And since the purchase date, the Debtor has continuously occupied the Agawam Condo. The parties have further stipulated that the Debtor undertook responsibility for all of the mortgage and maintenance expenses for the Agawam Condo and, thereby, has continually furnished the consideration for the Agawam Condo. It appears that the agreement between the sisters has been a success, and their continuous course of conduct is a further indicator of their intent at the time of the purchase. The Debtor continues to reside in the Agawam Condo, maintain the Agawam Condo, and pay all bills associated with the Agawam Condo. In contrast, the Debtor has not demonstrated that Ms. Markowski has exercised any control over, or evidenced any indicia of ownership

6

in, the Agawam Condo. Based upon these facts, therefore, the Court finds and rules that the Debtor holds an equitable interest in the Agawam Condo by way of a resulting trust.[2]

### B. The Claimed Exemption

Having determined that the Debtor holds an interest in the Agawam Condo as the beneficiary of a resulting trust, the Court must now determine whether that interest may be exempted under the Massachusetts Homestead Statute. Exemptions listed by a debtor on Schedule C are presumptively valid. 11 U.S.C. § 522(l). Federal Rule of Bankruptcy Procedure 4003(c) places the burden of proof on the Trustee as the objecting party. Fed. R. Bankr. P. 4003(c); see also, e.g., Shamban v. Perry (In re Perry), 357 B.R. 175, 178 (B.A.P. 1st Cir. 2006); In re Landry, 2009 WL 5110670, *3 (D. Mass. Dec. 16, 2009).

Section 522(b) of the Bankruptcy Code permits an individual debtor to claim the exemptions provided for under applicable state law. 11 U.S.C. § 522(b)(1), (3)(A). Massachusetts law provides for a homestead exemption for an owner who occupies or intends to occupy a home as a principal residence. Mass. Gen. Laws, ch. 188, § 3. An owner is defined as "a natural person who is a sole owner, joint tenant, tenant by the entirety, tenant in common, life estate holder or *holder of a beneficial interest in a trust*." Mass. Gen. Laws, ch. 188, § 1 (emphasis added). It is well-settled that the Massachusetts homestead exemption "is to be liberally construed in favor of the declarant." See e.g., In re Vanbuskirk, 511 B.R. 220, 231 (Bankr. D. Mass. 2014); Shamban v. Masidlover, 429

---

[2] The Debtor posits that the oral agreement with her sister is void under the Massachusetts statute of frauds, which requires such agreements to be in writing. But the lack of a writing has no impact on the result here. The statute of frauds is not relevant where the situation gives rise to a resulting trust. Williams v. Commercial Trust Co., 276 Mass. 508, 517 (1931).

7

Mass. 50, 53 (1999); Dwyer v. Cempellin, 424 Mass. 26, 30 (1996). This liberal construction is grounded in both public policy and legislative intent. As explained by the Massachusetts Supreme Judicial Court:

> Homestead laws are based on a public policy which recognizes the value of securing to householders a home for the family regardless of the householder's financial condition. "The preservation of the home is of paramount importance because there the family may be sheltered and preserved." "Public policy dictates that exemption laws, such as homestead provisions, should be liberally construed to comport with their beneficent spirit of protecting the family home."
>
> The obvious legislative purpose of G.L. c. 188, § 1, is to protect the home from the claims of creditors for the benefit of the homestead declarant and his or her family. We conclude that, in light of the public policy and the purpose of the statute, the State homestead exemption should be construed liberally in favor of the debtors.

Dwyer v. Cempellin, 424 Mass. at 29-30.

At issue here is whether a "holder of a beneficial interest in a trust" includes beneficiaries of a *resulting* trust. The Trustee has not cited to any case which directly addresses this issue. This Court's review has likewise come up empty. Because it appears that the Massachusetts Supreme Judicial Court has yet to rule on this specific issue, this Court must try to predict its interpretation. Garran v. SMS Fin. V, LLC (In re Garran), 338 F.3d 1, 6 (1st Cir. 2003); Caron v. Farmington Nat'l Bank (In re Caron), 82 F.3d 7, 9 (1st Cir. 1996); Gourdin v. Agin (In re Gourdin), 431 B.R. 885, 893 n.12 (B.A.P. 1st Cir. 2010).

Under the prior version of the Massachusetts Homestead Statute, there is little question that the Debtor's equitable interest could *not* be exempted. Under that version, the definition of "owner" was limited to "a sole owner, joint tenant, tenant by the entirety,

8

or tenant in common." Mass. Gen. Laws, ch. 188, §1, as amended through 2004. The most recent version of the Massachusetts Homestead Statute, however, contains the notable addition of "holder of a beneficial interest in a trust" to the definition of owner. Mass. Gen. Laws, ch. 188, §1, as amended through 2010. The Massachusetts Supreme Judicial Court has interpreted the 2010 amendments as "substantially changing and expanding the class of persons eligible to benefit from the homestead exemption statute." Boyle v. Weiss, 461 Mass. 519, 525-26 (2012). A "fundamental tenet of statutory interpretation is that statutory language should be given effect consistent with its plain meaning and in light of the aim of the Legislature unless to do so would achieve an illogical result." Sebago v. Boston Cab Dispatch, Inc., 471 Mass. 321, 339 (2015) (citing to Sullivan v. Brookline, 435 Mass. 353 (2001)). The amended Massachusetts Homestead Statute contains no words which specify or restrict particular types of trusts. The plain meaning of "trust" includes a resulting trust. This Court should not, and will not, add words where the Massachusetts legislature chose not to.

The Debtor has resided in, and acted as the owner of, the Agawam Condo since its purchase. Though she characterized, and valued, the arrangement differently, the Debtor did not attempt to conceal her agreement with Ms. Markowski. The agreement was disclosed both in her schedules of assets and liabilities and at the Section 341 meeting of creditors. The application of the homestead exemption here furthers the public policy and legislative purpose of preserving a debtor's home. The Court finds that, under the circumstances currently presented, and construing the current statute liberally in favor of the debtor, the Debtor's equitable interest by way of resulting trust qualifies her as an

9

"owner" under the Massachusetts Homestead Statute. The Debtor's equitable interest in the Agawam Condo, therefore, is exempt.

III.    <u>CONCLUSION</u>

For all of the foregoing reasons, the Trustee's Objection to Exemptions is OVERRULED. An order in conformity with this Memorandum shall issue forthwith.

By the Court,

*[signature: Henry Jack Boroff]*

_____
Henry J. Boroff
United States Bankruptcy Judge

Dated: May 2, 2016